**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**Southern Division**

LYNNE C. QUIGLEY                                              :

and                                                                        :

MILES C. QUIGLEY,                                            :
Co-Administrators and Personal Representatives
of the Estate of JOSEPH QUIGLEY, Deceased,   :

and                                                                        :

LYNNE C. QUIGLEY, Individually                    :

and                                                                        :

MILES C. QUIGLEY, Individually                     :

     Plaintiffs                                                     :

v.                                                                           :     Civil Action No._____

UNITED STATES OF AMERICA                      :

**SERVE ON:**
Attorney General for the
United States of America
Main Justice Building
10th and Constitution Avenue, NW
Washington, D.C. 20530

and                                                                       :

U.S. Attorney General for
the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, Maryland 20770

and                                                                       :

WASHINGTON SUBURBAN                         :
SANITARY COMMISSION

**SERVE ON:**
Charlotte Bundy, R/A
Corporate Secretary
14501 Sweitzer Lane
Laurel, Maryland 20707

and                                         :

UNKNOWN EMPLOYEE of WASHINGTON              :
SUBURBAN SANITARY COMMISSION

**SERVE ON:**
Charlotte Bundy, R/A
Corporate Secretary
14501 Sweitzer Lane
Laurel, Maryland 20707

and                                         :

MONTGOMERY COUNTY, MARYLAND

**SERVE ON:**
Isaiah Leggett, County Executive
100 Maryland Avenue
Rockville, Maryland 20850

and                                         :

UNKNOWN EMPLOYEE of                         :
MONTGOMERY COUNTY, MARYLAND

**SERVE ON:**
Isaiah Leggett, County Executive
100 Maryland Avenue
Rockville, Maryland 20850

and                                         :

MARCELO LUCIO PEPE                          :
6542 Parish Glebe Lane
Alexandria, Virginia, 22315,

      Defendants.                           :

Also Serve (Pursuant to Section 38.2-2206 of
The Code of Virginia):
USAA CASUALTY INSURANCE COMPANY
Serve: Insurance Commissioner
Resident Agent for Acceptance of
Service of Process
200 St. Paul Place, Suite 2700
Baltimore, Maryland 21202

## PLAINTIFFS' COMPLAINT

Plaintiffs, Lynne Quigley and Miles Quigley, individually and as co-administrators and personal representatives of the Estate of Joseph Quigley, deceased, by counsel, state for their complaint against Defendants United States of America, Washington Suburban Sanitary Commission, Unknown Employee of Washington Suburban Sanitary Commission, Montgomery County, Maryland, Unknown Employee of Montgomery County, Maryland, and Marcelo Lucio Pepe as follows:

## INTRODUCTION

On January 20, 2009, Joseph Quigley was driving to work on the Clara Barton Parkway, an urban expressway located in Montgomery County, Maryland, when his car was struck head-on by another vehicle driven by Marcelo Pepe after Mr. Pepe encountered a thick sheet of ice on the roadway and crossed into Mr. Quigley's lane of travel. Mr. Quigley was fatally injured in the crash. This case is a survival action and action for his wrongful death.

## PARTIES

1. Plaintiff Lynne C. Quigley is a citizen of the Commonwealth of Virginia and resides at 9117 Steeplebush Court, Annandale, Virginia 22003. She is the mother of Joseph Miles Quigley, whose personal injuries and death on January 20, 2009 give rise to this action. She was duly qualified and appointed co-administrator of Joseph's estate on March 4, 2009, by order of the Circuit Court of Prince William County, Virginia.

Case 8:11-cv-0■23-DKC   Document 1   Filed 11/10■   Page 4 of 15

2. Plaintiff Miles C. Quigley is a citizen of the Commonwealth of Virginia and resides at 9117 Steeplebush Court, Annandale, Virginia 22003. He is the father of Joseph Quigley. He was duly qualified and appointed co-administrator of Joseph's estate on March 4, 2009, by order of the Circuit Court of Prince William County, Virginia.

3. Defendant United States of America ("United States") is a governmental entity that at all relevant times acted through employees of its agencies the Department of the Interior, National Park Service, National Capital Region, and United States Park Police.

4. Defendant Washington Suburban Sanitary Commission ("WSSC") is a Maryland local government within the meaning of the Maryland Local Government Tort Claims Act.

5. Defendant Unknown Employee of Washington Suburban Sanitary Commission is, on information and belief, a citizen of the State of Maryland and at all relevant times was acting in the course and scope of his employment by Defendant WSSC.

6. Defendant Montgomery County ("the County") is a Maryland local government within the meaning of the Maryland Local Government Tort Claims Act.

7. Defendant Unknown Employee of Montgomery County, Maryland is, on information and belief, a citizen of the State of Maryland and at all relevant times was acting in the course and scope of his employment by Defendant County.

8. Defendant Marcelo Lucio Pepe is a citizen of the State of Maryland, and resides at 8705 Ferrysburg Way, Montgomery Village, Maryland 20886.

**JURISDICTION , VENUE AND NOTICE OF CLAIM**

9. Plaintiffs' claims against the United States asserted in this action arise under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Jurisdiction over the subject matter of this case is conferred by 28 U.S.C. § 1331 and § 1346(b). Supplemental jurisdiction over Plaintiffs'

4

claims against the other Defendants is conferred by 28 U.S.C. § 1367(a).

10. Venue is laid in this judicial district pursuant to 28 USC §1391(e).

11. Notice of Plaintiffs' tort claims was received by the United States through its agency the National Park Service, Department of the Interior on January 19, 2011. More than six months have since passed and the agency has failed to make final disposition of the claims. This failure constitutes a final denial of the claims and Plaintiffs are accordingly authorized to institute this action by 28 U.S.C. § 2675(a).

12. Notice of Plaintiffs' tort claims against WSSC was provided pursuant to §5-304 of the Cts. & Jud. Proc. Article on or about July 9, 2009, and no action has been taken by WSSC in disposition of the claim.

13. Notice of Plaintiffs' tort claims against Montgomery County was provided pursuant to §5-304 of the Cts. & Jud. Proc. Article on or about July 9, 2009, and no action has been taken by the County in disposition of the claim.

## FACTS

14. Defendant WSSC at all relevant times operated a waterworks in the Maryland suburbs of Washington, D.C., in which it collected, impounded, stored, distributed and sold water by means of a network of underground water main pipes. One such water main ran under Ridge Drive in the Bethesda area of Montgomery County, near its intersection with 64th Street.

15. Defendant County was at all relevant times engaged in the activity of collecting storm water and moving it through a network of underground storm water drains. One such underground drain ran from a curb inlet on Ridge Drive at its intersection with 64th Street, between two houses on Ridge Drive, and into and through land owned by the Defendant United States on a hillside above and adjacent to the Clara Barton Parkway.

16. Defendant United States, through its Department of the Interior and National Park Service, at all relevant times owned, maintained and operated the Clara Barton Parkway ("the Parkway") in Montgomery County, Maryland, as a limited access urban freeway for motor vehicle commuters. The Parkway was at all times patrolled or subject to patrol by officers and/or employees of the United States Park Police ("Park Police"), an agency of the Department of Interior's National Park Service.

17. Defendants United States, WSSC, the County, and their Defendant Unknown Employees (collectively "the ice Defendants") at all relevant times knew or reasonably should have known that ice on the traveled portion of a roadway posed a hazard to motorists, particularly if encountered unexpectedly and particularly on freeways such as the Clara Barton Parkway.

18. The ice Defendants at all relevant times knew or reasonably should have known that if water was allowed to collect on a road during winter temperatures below 32 degrees Fahrenheit, it was subject to freezing as ice on the roadway surface.

19. The ice Defendants at all relevant times knew or reasonably should have known that if water escaped from the underground storm water drain on the hillside above the Parkway, it would flow downhill onto the Parkway below it.

20. Defendant WSSC and its Defendant Unknown Employee at all relevant times knew or reasonably should have known that if the WSSC underground water mains were not inspected, maintained and repaired with reasonable care, that any of them was vulnerable to breaking, particularly in cold winter temperatures, with the water from such a broken main escaping and flooding adjacent lands.

6

21. Defendant County and its Defendant Unknown Employee at all relevant times knew or reasonably should have known that if the County's underground storm drains were not inspected, maintained and repaired with reasonable care, that any of them was vulnerable to leaking, with water from such a leak escaping and flooding adjacent lands.

22. For some period of time prior to January 20, 2009, neither WSSC nor its Defendant Unknown Employee performed periodic or any meaningful inspection or maintenance of the WSSC water main under Ridge Drive.

23. For some period of time prior to January 20, 2009, neither the County nor its Defendant Unknown Employee nor the United States performed periodic or any meaningful inspection or maintenance of the storm drain on the hillside above the Clara Barton Parkway.

24. For some period of time prior to January 20, 2009, the United States performed no periodic or any meaningful inspection or maintenance of the ditch and drainage outlets along the westbound lanes of the Parkway in the vicinity of Lock 6 of the C&O Canal.

25. On January 20, 2009, the temperature in Bethesda near Lock 6 was below freezing. There had been no appreciable rain, sleet, snow, or other precipitation there during the previous two weeks.

26. Late on January 19 or early on January 20, 2009, WSSC's water main under Ridge Drive burst. Water escaped from the WSSC main into the street, where it collected and flowed into the County's storm drain at the intersection of Ridge Drive and 64th Street. It thereafter flowed through the underground storm drain into the hillside land owned by the United States. Partway down the hill, the water collected by the County in its storm drain escaped through a breach in the underground drain, after which it flowed to the surface of and down the hillside, over a stone retaining wall, across the drainage ditch and grass shoulder alongside the

Parkway and onto the Parkway's travel lanes, where it froze into ice covering both westbound lanes of the Parkway for approximately 200 yards.

27.  After the Ridge Drive water main burst, WSSC increased the main's pressure, causing the flow of water to be amplified.

28.  During the time WSSC's water was flowing onto the Parkway and freezing, the Parkway was patrolled and monitored or should have been patrolled and monitored by Park Police officers, but was not closed to vehicular traffic and no warning was given to motorists of the hazardous condition posed by the ice on the road.

29.  WSSC, the County, their Defendant Unknown Employees, and the United States had actual or constructive notice of the unreasonably dangerous and hazardous condition posed by the ice.

30.  At or about 5:24 a.m. on January 20, 2009, Plaintiffs' decedent Joseph Quigley was operating a 2004 Honda Civic automobile eastbound on the Parkway.

31.  At or about the same time, Marcelo Pepe was driving a 2002 Ford Explorer westbound on the Parkway from the opposite direction. It was then and there the duty of Mr. Pepe to drive at a reasonable speed, to pay full time and attention to his operation of the vehicle, to keep his vehicle under control, and to otherwise exercise ordinary care in its operation.

32.  Approximately one mile after passing the Chain Bridge and shortly after clearing a hillcrest, Mr. Pepe encountered the ice on the travel lanes of the Parkway and thereafter lost control of his vehicle, after which it crossed the median into the eastbound lanes and collided with the Quigley vehicle, causing Joseph Quigley to sustain injuries from which he died, and

proximately causing Plaintiffs as his beneficiaries to sustain damages described more fully below.

## COUNT ONE:  STRICT LIABILITY OF WSSC

33. Plaintiffs incorporate all of the allegations in this Complaint into this Count.

34. Defendant WSSC collected, impounded and stored the water in its waterworks, including the water main under Ridge Drive.

35. Water escaped from WSSC's water main and flowed onto the Parkway, where it froze and caused Mr. Pepe to lose control of his vehicle and collide it with the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

## COUNT TWO:  NEGLIGENCE OF WSSC and ITS UNKNOWN EMPLOYEE

36. Plaintiffs incorporate all of the allegations in this Complaint into this Count.

37. Defendant WSSC and its Defendant Unknown Employee at all relevant times knew or reasonably should have known that if water escaped from the WSSC water main during cold weather, it could flow onto the traveled portion of the Parkway and freeze and pose a hazard to motorists using the Parkway.

38. WSSC and its Defendant Unknown Employee had a nondiscretionary duty to exercise reasonable care to inspect, maintain and repair WSSC's facilities, including the Ridge Drive water main, so as to protect motorists from the escape of water from them, and had actual or constructive notice of the unreasonably dangerous and hazardous condition,  but were negligent and breached those duties, as the proximate result of which WSSC's water escaped and formed the roadway ice hazard on the Parkway.

39.     The negligence of WSSC and its Defendant Unknown Employee in the inspection, maintenance and repair of its Ridge Drive water main proximately caused Mr. Pepe to lose control of his vehicle and collide with the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

### COUNT THREE: STRICT LIABILITY OF MONTGOMERY COUNTY

40.     Plaintiffs incorporate all of the allegations in this Complaint into this Count.

41.     The water that escaped from the WSSC water main under Ridge Drive was collected by the County and channeled into its underground storm drain on the hillside above the Parkway.

42.     Water escaped from the County's storm drain and flowed onto the Parkway, where it froze and caused Mr. Pepe to lose control of his vehicle and collide it with the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

### COUNT FOUR: NEGLIGENCE OF THE COUNTY AND ITS UNKNOWN EMPLOYEE

43.     Plaintiffs incorporate all of the allegations in this Complaint into this Count.

44.     Defendant Montgomery County and its Defendant Unknown Employee at all relevant times knew or reasonably should have known that if water escaped from the County storm drain during cold weather, it could flow onto the traveled portion of the Parkway and freeze and pose a hazard to motorists using the Parkway.

45.     The County and its Defendant Unknown Employee had a nondiscretionary duty to exercise reasonable care to inspect, maintain and repair the storm drain between Ridge Drive and the Parkway, so as to protect motorists from the escape of water from it, and had actual or

constructive notice of the unreasonably dangerous and hazardous condition, but were negligent and breached those duties, as the proximate result of which water escaped from the storm drain and formed the roadway ice hazard on the Parkway.

46.     The negligence of the County and its Defendant Unknown Employee in the inspection, maintenance and repair of the storm drain proximately caused Mr. Pepe to lose control of his vehicle and collide with the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

### COUNT FIVE: NEGLIGENCE OF THE UNITED STATES

47.     Plaintiffs incorporate all of the allegations of this Complaint into this Count.

48.     Defendant United States, through agents and employees, knew or reasonably should have known that if water escaped from the County storm drain during cold weather, it could flow onto the Parkway. It further knew that ice on a roadway poses a hazard to motorists, and that reasonable care required proper maintenance of the Parkway's drainage features to prevent the accumulation of water on the road surface that in cold weather would freeze into hazardous ice. The United States further knew that if ice accumulated on the travel lanes of the Parkway, particularly when there has been no appreciable precipitation to put motorists on guard, reasonable care would require either closing the roadway or warning motorists of the hazard.

49.     The United States, acting through agents and employees of the Department of Interior's National Park Service, at all times had a nondiscretionary duty to exercise reasonable care to maintain the Parkway and its lands adjacent thereto, including the storm drain on the hillside below Ridge Drive and the Parkway's drainage facilities, in a condition reasonably safe

for motorists using the Parkway. Acting through officers and employees of the Park Police, the United States had a nondiscretionary duty to exercise reasonable care to patrol the Parkway on January 20, 2009, and recognize, appreciate, guard against, and/or warn motorists of the ice hazard on the Parkway's travel lanes.

50.     The United States, through its agents, officers and employees, had actual or constructive notice that the condition of the neglected storm drain and drainage ditch along the Parkway were unreasonably dangerous, in that the drain was susceptible of leaking water and the ditch was susceptible of failing to drain water away and of channeling it onto the travel lanes, confronting motorists with a hazard, particularly if the water froze. The United States further had actual or constructive notice of the unreasonably dangerous and hazardous icy condition on the Parkway.

51.     Through the acts and omissions of its agents, officers, and employees, the United States negligently failed to use reasonable care to inspect and perform maintenance and repair work on the storm drain running through its land above the Parkway, it negligently failed to use reasonable care to inspect and perform maintenance and repair work on the drainage facilities alongside the westbound lanes of the Parkway, and negligently failed to recognize and eliminate, guard against, or warn motorists of the ice hazard.

52.     The negligence of the United States in the inspection, maintenance and repair of the storm drain and Parkway drainage facilities, and in failing to eliminate, guard against, or warn motorists of the ice hazard proximately caused Mr. Pepe to lose control of his vehicle and collide with the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

## COUNT SIX:   NEGLIGENCE OF MARCELO LUCIO PEPE

53.     Plaintiffs incorporate all of the allegations in this Complaint into this Count.

54.     In operating his vehicle on the morning of the collision, Defendant Pepe failed to pay full time and attention and was negligent, as the result of which he lost control of his vehicle, which crossed the median and struck the Quigley vehicle, proximately causing Joseph Quigley to sustain fatal injuries and causing his beneficiaries to sustain damages described more fully below.

## DAMAGES AND PRAYER:  SURVIVAL ACTION

55.     Plaintiffs incorporate all of the allegations in this Complaint into this Count.

56.     The escape of Defendant WSSC's water from its water main and the County storm drain concurred with the negligence of Defendants WSSC, the County, their Defendant Unknown Employees, the United States, and Mr. Pepe to proximately cause Joseph Quigley to experience pain, anguish and fright prior to, during, and following the collision.

57.     Joseph Quigley's cause of action against the Defendants for his personal injuries survives his death and may be asserted by Plaintiffs as co-administrators of his estate.

58.     As the direct and proximate result of the Defendants' conduct causing the death of Joseph Quigley, Lynne C. Quigley and Miles C. Quigley have expended $18,980.52 for funeral, burial site, interment, and memorial expenses.

59.     WHEREFORE, Plaintiffs Lynne C. Quigley and Miles C. Quigley, parents and co-administrators of the estate of Joseph Quigley, ask that judgment be entered against the Defendants, jointly and severally, in the amount of EIGHTEEN THOUSAND NINE HUNDRED EIGHTY DOLLARS AND 52/100 ($18,980.52), together with interest, costs, and such other relief as may be afforded by law.

60.     WHEREFORE, Plaintiffs Lynne C. Quigley and Miles C. Quigley, co-administrators of the estate of Joseph Quigley, ask that judgment be entered against the Defendants, jointly and severally, in the amount of TWO MILLION DOLLARS ($2,000,000), together with interest, costs, and such other relief as may be afforded by law.

### DAMAGES AND PRAYER:  WRONGFUL DEATH

61.     Plaintiffs incorporate all of the allegations in this Complaint into this Count.

62.     The escape of Defendant WSSC's water from its water main and the County storm drain concurred with the negligence of Defendants WSSC, the County, their Defendant Unknown Employees, the United States, and Mr. Pepe to proximately cause the death of Joseph Quigley.

63.     As the mother of Joseph Quigley, Lynne C. Quigley is a primary beneficiary as provided by Maryland law.

64.     As the father of Joseph Quigley, Miles C. Quigley is a primary beneficiary as provided by Maryland law.

65.     As the direct and proximate result of the Defendants' conduct causing the death of Joseph Quigley, Lynne C. Quigley and Miles C. Quigley have been deprived of their son's services and support and have suffered profound grief, sorrow, mental anguish, emotional pain, loss of society, solatium, companionship, comfort, protection, attention, advice, filial care, counsel, and guidance.

66.     WHEREFORE, Lynne C. Quigley, as mother and primary beneficiary and co-administrator of Joseph Quigley, asks that judgment in her favor be entered against the Defendants, jointly and severally, in the amount of TWO MILLION DOLLARS ($2,000,000), together with interest, costs, and such other relief as may be afforded by law.

67. WHEREFORE, Miles C. Quigley, as father and primary beneficiary and co-administrator of Joseph Quigley, asks that judgment in his favor be entered against the Defendants, jointly and severally, in the amount of TWO MILLION DOLLARS ($2,000,000), together with interest, costs, and such other relief as may be afforded by law.

> LYNNE C. QUIGLEY and MILES C. QUIGLEY
> By Counsel
>
> _____
> Robert G. McGinley, 04642
> Law Offices of Robert G. McGinley, P.C.
> 17251 Melford Boulevard
> Suite 200
> Bowie, MD 20715
> 301/805-1860

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues against Defendants Washington Suburban Sanitary Commission, its Unknown Employee, Montgomery County, its Unknown Employee, and Marcelo Lucio Pepe.

_____
Robert G. McGinley