IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                              |   |                              |
|---|---|---|
| LYNNE C. QUIGLEY, et al.     | : |                              |
|                              | : |                              |
| v.                           | : | Civil Action No. DKC 11-3223 |
|                              | : |                              |
| UNITED STATES OF AMERICA, et al. | : |                          |
|                              | : |                              |

**MEMORANDUM OPINION**

Presently pending and ready for review in this consolidated tort action is the "motion for reconsideration and/or in the alternative motion to entertain suit even though required notice not given pursuant to Md. Code Ann. Cts. & Jud. Proc. § 5-304(d)" filed by Plaintiff Pollyana Barbosa. (ECF No. 56). The issues have been fully briefed, and the court now rules, no hearing being necessary. Local Rule 105.6. For the following reasons, the motion for reconsideration will be denied.

**I.   Background[1]**

On November 10, 2011, Ms. Barbosa filed this action, alleging that Defendants were negligently or strictly liable for injuries she sustained after an automobile accident that occurred on the Clara Barton Parkway ("the Parkway"). Ms. Barbosa alleged that during the overnight hours of January 19,

---

[1] Three cases are consolidated in this action: *Quigley v. United States*, No. DKC 11-3223; *Ochoa v. United States*, No. DKC 11-3224; and *Barbosa v. United States*, No. DKC 11-3225.

2009, a water main maintained by Defendant Washington Suburban Sanitary Commission ("WSSC") burst, releasing water that traveled through a faulty storm drain onto the Parkway and froze into ice.  Ms. Barbosa further alleges that early that morning, Defendant Marcelo Pepe, in whose car Ms. Barbosa and Plaintiff Adriana Ochoa were passengers, was driving on the Parkway when he hit the ice, lost control, and collided with decedent Joseph Quigley's car.  According to her complaint, Ms. Barbosa was ejected from Mr. Pepe's vehicle and landed on top of its burning exhaust system, all of which caused injuries and first-, second-, and third-degree burns.

On April 2, 2012, Ms. Barbosa filed the present motion (ECF No. 56), which seeks reconsideration of the court's March 22, 2012, memorandum opinion and order dismissing her claims against WSSC (ECF Nos. 50, 51).  Specifically, the motion seeks reconsideration of the dismissal of Count Two of the complaint, the negligence claim.  WSSC filed an opposition on April 30, 2012.  (ECF No. 65).  On May 16, 2012, Ms. Barbosa replied.  (ECF No. 66).[2]

---

[2] In her reply, Ms. Barbosa objects to the untimely filing of WSSC's opposition.  (*Id.* at 1).  She does not, however, explain how she is prejudiced by this brief delay.  Therefore, WSSC's opposition will be considered in resolving Ms. Barbosa's motion.  *Cf. H & W Fresh Seafoods, Inc. v. Schulman*, 200 F.R.D. 248, 252 (D.Md. 2000) (denying a motion to strike an opposition because the moving party "has not shown that he was harmed in

## II. Motion for Reconsideration

Although Ms. Barbosa requests reconsideration pursuant to Federal Rule of Civil Procedure 59(e), her motion is more appropriately analyzed under Rule 54. Rule 59(e) governs where there has been a final "judgment." Fed.R.Civ.P. 59(e); *see also Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("Rule 59(e) is equally applicable only to a final judgment."). The March 22, 2012, order was not a final "judgment," however. *See* Fed.R.Civ.P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Thus, Ms. Barbosa's motion for reconsideration is better construed as a motion for reconsideration of an interlocutory order under Rule 54(b). *See Fayetteville Investors*, 936 F.2d at 1469-70.

The precise standard governing a motion for reconsideration of an interlocutory order is unclear. *Id.* at 1472. While the standards articulated in Rules 59(e) and 60(b) are not binding

---

any way by the seven-day delay" in the filing of the opposition). Even if WSSC's opposition were not considered, however, Ms. Barbosa's motion would still be denied.

3

in an analysis of Rule 54(b) motions, *see Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565-66 (M.D.N.C. 2005).

> Public policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing questions that have already been decided. Most courts have adhered to a fairly narrow set of grounds on which to reconsider their interlocutory orders and opinions. Courts will reconsider an interlocutory order in the following situations: (1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice.

*Id.* (citations omitted); *see also Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM-08-409, 2010 WL 3059344, at *1-2 (D.Md. Aug. 4, 2010) (applying this three-part test when evaluating a motion for reconsideration under Rule 54(b)). A motion for reconsideration under Rule 54(b) may not be used merely to reiterate arguments previously rejected by the court. *Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Ms. Barbosa advances essentially three arguments for reconsideration, none of which compels revision of the court's prior decision. First, she argues that the court relied in part on an erroneous fact in reaching its decision that her claims

against WSSC fail for lack of notice under the Local Government Tort Claims Act ("LGTCA"). She points out that in discussing whether good cause existed for waiving the LGTCA's notice requirement, the court questioned why Ms. Ochoa was able to submit timely notice to WSSC on May 19, 2009, while Ms. Barbosa was not. (*See* ECF No. 56, at 3-4). As Ms. Barbosa correctly observes, although Ms. Ochoa's notice letter to WSSC was dated May 19, 2009, the United States Postal Service confirmation of delivery clearly indicated that WSSC did not actually receive the notice letter until July 10, 2009. (ECF No. 34-2). This error, however, was not material to the court's resolution of this issue.

The LGTCA requires that notice be provided to the allegedly offending government entity "within 180 days after the injury." Md. Code Ann., Cts. & Jud. Proc. § 5-304(b). Here, "the 180th day after the accident was July 19, 2009." (ECF No. 50, at 14 n.8). Thus, even if it is true that Ms. Ochoa did not submit notice to WSSC until July 10, 2009, she still submitted notice prior to the 180-day deadline imposed by the LGTCA, much like Mr. Quigley's estate did on July 9, 2009. Because Ms. Ochoa's notice was timely, the exact date of the notice is irrelevant. All in all, Ms. Barbosa does not answer the overriding question of "why her co-plaintiffs' attorneys could respond in a timely manner to the May 5, 2009, police report, but her attorney could

not." (*Id.* at 14). The reasoning with respect to this issue remains sound.

Second, Ms. Barbosa re-argues that she substantially complied with the LGTCA notice requirement. (ECF No. 56, at 4-6). She does not, however, proffer any new evidence that was previously unavailable, advance any intervening change in controlling law, or identify any clear error that would warrant revising the court's earlier conclusion that she failed to comply substantially with the LGTCA. Instead, Ms. Barbosa merely reiterates arguments that were previously rejected by contending that WSSC was on actual notice of the underlying accident giving rise to her claims. As the court already explained in its prior opinion, however, "substantial compliance requires more than a mere lack of prejudice to the State." (ECF No. 50, at 10 (quoting *Johnson v. Md. State Police*, 331 Md. 285, 291-92 (1993))). Indeed, "[i]t is required by the law that [*Ms. Barbosa*] *or her agent* must take an affirmative step towards preserving her rights under the [LGTCA]," and, here, she has alleged no facts suggesting that she did so. Therefore, Ms. Barbosa's motion for reconsideration on this ground is denied. *See Beyond Sys., Inc.*, 2010 WL 3059344, at *2.

Finally, Ms. Barbosa re-argues that good cause can be found for waiving the LGTCA notice requirement. (ECF No. 56, at 6-8). As with her previous argument, however, she does not submit any

6

previously-unavailable new evidence, point to any intervening change in relevant law, or pinpoint any clear error that would permit revisiting the court's holding that no good cause exists to absolve Ms. Barbosa's counsel of their delinquency. Instead, Ms. Barbosa only focuses on her current counsel, Stephen Markey, and attempts to explain why his delay in submitting notice to WSSC should be excused.[3] While Mr. Markey attempts to address the court's skepticism that he was diligent in preserving all of his client's rights via his own personal affidavit, which details his efforts in pursuing Ms. Barbosa's claims (see ECF No. 56-2, at 1-4), nothing in that affidavit explains why he could not have presented this evidence at the time the original motion to dismiss was considered. Ms. Barbosa's argument for reconsideration on this ground is thus unavailing.

Even if the court were to entertain Mr. Markey's explanation for his delay in complying with notice to WSSC on behalf of his client,[4] Ms. Barbosa still fails to untangle the

---

[3] In its March 22, 2012, memorandum opinion, the court remarked: "It is not clear that Mr. Markey himself was diligent either. Upon taking over Ms. Barbosa's case on July 9, 2009 — ten days before the LGTCA notice period expired — one would expect that a 'reasonably prudent person' would act quickly to preserve his client's rights." (ECF No. 50, at 15 n.10) (internal citations omitted).

[4] Mr. Markey did not submit notice until nearly three months after he was retained. By contrast, Jeffrey Raden, counsel for

7

more pressing question of why her former attorney, Michael Avery, did not comply with the LGTCA notice requirement.[5] At best, Ms. Barbosa attempts to justify Mr. Avery's actions (or lack thereof) by stating that "no claimant received the final reconstruction report from the National Park Service until after June 3, 2009 when a copy was mailed to counsel for Quigley, it is unlikely Mr. Avery was aware of the water main break." (ECF No. 56, at 6 n.1). Besides inexplicably being brought to the court's attention now, this new information does nothing to assuage the concerns expressed in the court's prior opinion. If this reconstruction report contains evidence that a water main break was involved in causing the accident, it was evidently available to the parties over a month before notice to WSSC was due. Thus, if anything, this fact actually calls Mr. Avery's diligence even more into question. Ms. Barbosa simply does not provide any satisfactory explanation why Mr. Avery could not comply with the requirement when other plaintiffs' counsel could.

---

Ms. Ochoa, required roughly ten days to do the same. (*See* ECF No. 56-1).

[5] Indeed, Ms. Barbosa even blames Mr. Avery in part for Mr. Markey's delay in submitting notice. She explains that Mr. Avery did not inform her of the possibility that a water main break was the source of the ice that caused the accident, and, thus, she could not inform Mr. Markey of the possibility. (ECF No. 56, at 6-8).

In sum, Ms. Barbosa admits that she was represented by Mr. Avery during a key period of the timeline of relevant events in this case. She is bound by his actions and failures to act on her behalf. *See In re Fisherman's Wharf Fillet, Inc.*, 83 F.Supp.2d 651, 660 (E.D.Va. 1999) ("[O]ne cannot voluntarily choose an attorney and then avoid the consequences of the attorney's acts or omissions." (citing *In re Walters*, 868 F.2d 665, 668–69 (4th Cir. 1989))). Accordingly, even if the court were to reconsider the question of good cause, good cause to waive the LGTCA notice requirement as to WSSC is absent in this case.

## III. Conclusion

For the foregoing reasons, the motion to reconsider filed by Plaintiff Pollyana Barbosa will be denied. A separate order will follow.

                                                      /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge